UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY WILCOX,

    Plaintiff(s),

v.

THOMAS AYRES, ET AL.,

    Defendant(s).
_____/

Case No. 03-72114

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [58]**

    The matter before the Court is Defendants' motion for summary judgment. For the reasons set forth below, the motion is GRANTED.

**I.    Factual and Procedural History**

    Midway Disposal ("Midway"), owned by Plaintiff Larry Wilcox ("Plaintiff"), is a waste disposal company in Brown City, Michigan. (Wilcox Dep. at 11-12.) On May 2, 2002, Defendant Thomas Ayres ("Ayres") and Richard Brim, both from the Michigan Department of Environmental Quality ("MDEQ"), went to Midway for a regulatory inspection. (Ayres Dep. at 5-8.) Plaintiff would not, however, permit the investigation. (Id. at 64-65.)

    So, the next day, Ayres obtained a search warrant approved by a Magistrate Judge. (Id.) To help with executing the warrant, Ayres contacted the Michigan State Police who, in turn, contacted the Lapeer County Sheriff's Department. (Id. at 67.) Two Lapeer County Sherrif's Deputies went to Midway and informed Plaintiff about the search warrant for his property. (Wilcox Dep. at 20-21.) Plaintiff then told the deputies that he was not going to

allow the warrant to be served and that he wanted an administrative hearing to contest it. (Wilcox Dep. at 25.)  The search was not executed because the situation was deemed unsafe.  (Ayres Dep. at 12-13.)

On May 17, 2002, Ayres flew over Midway Disposal and took aerial photographs of the property.  (Ayres Aff. for Search Warrant ¶ 6.)  The photographs showed environmental violations. (Id.)  With this information, Ayres obtained a new search warrant for Midway Disposal.  (Def.'s Ex. 4 "Search Warrant".)  On May 30, 2002, the search warrant was executed.  (Ayres Dep. at 23-27.)

Plaintiff then filed a complaint against Ayres, Milton Scales, Camille Rice, and K.L. Cool alleging retaliation in violation of his First Amendment rights.  Defendants then filed a motion for summary judgment.

## II. Standard of Review

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323.  Once the movant meets this burden, the non-movant must come

forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

The court must believe the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant."  *See id.*

### III.  Analysis

Plaintiff claims that Defendants retaliated against him by executing the search warrant because he exercised his First Amendment rights–requesting a hearing to contest the warrant. This action is brought pursuant to 42 U.S.C. § 1983. "To maintain an action under § 1983, a plaintiff must establish that he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998)(quotation and citation omitted).

> In order to prove a claim for retaliation, a plaintiff must establish the following elements: (1) that the plaintiff was engaged in a constitutionally protected activity; (2) that the defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was motivated at least in part as a response to the exercise of the plaintiff's constitutional rights.

*Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998)(citations omitted).

Plaintiff's request for a hearing is protected speech under the First Amendment. Defendants contend that Plaintiff was not engaged in protected activity because he was not entitled to the hearing. This misses the point. It is clear that the officers could have executed the search warrant without giving Plaintiff the hearing–i.e., Defendants are correct in asserting that he was not entitled to a hearing before the search was conducted. The First Amendment nonetheless protects his right to ask for it. *See Greene v. Barber*, 310 F.3d 889, 895-96 (6th Cir. 2002).

The second element requires that Plaintiff suffer an adverse action. Even though the officers had a legal right to do so, the search of Plaintiff's property can constitute this injury. *See id.* at 895 ("The law is well established that an act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper.")(quotations and citations omitted).

Although the first two requirements are satisfied, Plaintiff has not demonstrated any causal connection between the execution of the search warrant and his request for a hearing. In fact, MDEQ officers wanted and attempted to search the property for potential environmental violations before Plaintiff made the request. It is therefore likely that the property would have been searched regardless of whether Plaintiff asked for a hearing. Moreover, Plaintiff has not presented any evidence linking the search to the request.[1]

---

[1] The discovery cut-off date was originally set for May 17, 2004. It was extended to August 17, 2004. The Court later granted Plaintiff's motion to extend discovery further. In addition, at Plaintiff's request, the oral arguments (originally scheduled for March 16, 2005) were delayed until April 27, 2005. Thus, it is clear that Plaintiff has had sufficient time to discover and present evidence of causal connection, but has failed to do so.

4

Plaintiff complains about the scope of the search. Specifically, he argues that Defendants used more officers and weapons than were necessary to look for environmental violations. This misses the point. Defendants executed a lawfully obtained search warrant. This retaliation claim is not about whether the warrant was defective or the officers went beyond the scope authorized in this warrant. Indeed, if Plaintiff wanted to make these claims, he should have done so at his criminal proceedings. A retaliation claim requires a plaintiff to show that he suffered an adverse action *because* he exercised his Constitutional rights. Plaintiff has not offered any evidence that search on his property was executed because he asked for a hearing. Therefore, this claim cannot stand.

Plaintiff's second claim is based on a theory of supervisor liability for the alleged retaliatory search. Because no Constitutional violation occurred and this is a derivative claim, Defendants' motion for summary judgment must be granted.

## IV. Conclusion

For the reasons stated above, the Court hereby orders that Defendants' motion for summary judgment is GRANTED.

SO ORDERED.

       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: April 28, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2005, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager